### W. G. MOREL & CO. et al. v. LEHMAN.

(Circuit Court of Appeals, Fifth Circuit. February 11, 1908.)

#### No. 1,700.

1. SHIPPING—LIABILITY OF VESSEL—INJURY TO LONGSHOREMAN — ASSUMED RISK.

A longshoreman was injured, while assisting in loading heavy logs on a vessel, by the insufficiency of certain of the tackle. There was no evidence that he knew that the strap securing the tackle block at the lower end was defective, and if this had been sufficient would have prevented the accident. *Held*, that he did not assume the risk, though he did know that the rope ends securing the upper end of the rope used to support the guy on which the tackle was suspended had not been moused, which defect was the immediate cause of the accident.

2. DAMAGES—PERSONAL INJURIES—EXCESSIVENESS.

Where libelant, a longshoreman, who had previously been well and able to do heavy and continuous work, was so injured by the defective tackle appliances of a vessel that he was immediately afterwards and from thence on continuously crippled and incapacitated, a decree in an admiralty proceeding allowing him $3,500 was not excessive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 372–396.]

Appeal from the District Court of the United States for the Eastern District of Louisiana.

Wm. C. Dufour and H. Generes Dufour, for appellants.
John D. Grace, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The libelant alleged and proved in the court below that he was injured, while working as longshoreman on board the

steamship Bertholey, by the negligence of the ship and her officers in furnishing the libelant and his colaborers defective tackle and appliances to take in and handle the heavy logs which they were engaged in loading; that the particular negligence was in failing to have properly secured the upper end of the preventer, a heavy rope used to support the guy on which the tackle was suspended, and in using to secure the lower block of the tackle a strap or rope of insufficient strength and quality. The claimants contend that, as the libelant knew that the rope ends securing the upper end of the preventer were not moused— that is, secured with rope yarn—and as the loosing of this rope was the cause of the accident, the libelant cannot recover, because, knowing of this dangerous appliance, he assumed the risk.

Under the evidence in the case we do not think that this contention of the claimant can be allowed, even as to the preventer rope; but it is unnecessary to go into the matter, because there is no evidence whatever to show that the libelant knew of the defective strap securing the block at the lower end, and, however defective the tying of the preventer may have been, the libelant would not have been injured if the strap securing the block had been sufficient.

As to the amount of recovery,[1] we agree in the main with the judge a quo and see no reason to disturb his judgment in that respect. The libelant was apparently well, and able to do heavy and continuous work. He was injured, and immediately afterward and from then on he was crippled and incapacitated. In any aspect of the case, the award of damages is not excessive.

The decree of the District Court is affirmed.

---

[1] The award made to libelant by the judge a quo was $3,500 and costs.